## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN S. O'DEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:22-cv-3165 |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Steven S. O'Dea, by and through undersigned counsel, and for his Complaint against Defendant, BNSF Railway Company, a Delaware corporation, states and alleges as follows:

## PARTIES

1.     Plaintiff, Steven S. O'Dea is and was at all times herein relevant a citizen and resident of the State of Nebraska, residing in McCook, Nebraska.

2.     Defendant, BNSF Railway Company ("BNSF") is a corporation organized in the State of Delaware with its principal place of business in Texas. BNSF conducts business as a common carrier by railroad engaged in interstate commerce with facilities, tracks and employees located in and through several states, including the State of Nebraska. At all times relevant BNSF received, accepted, and transported various shipments of freight in and through the State of Nebraska, including in both intrastate and interstate commerce, and maintained offices and agents for the transaction of its business in said State, and at all times relevant was and is presently conducting business in and through the State of Nebraska.

3.      BNSF can be served through its agent for service of process at CT Corporation System, 5601 South 59th Street, Suite C, Lincoln, Nebraska 68516.

## JURISDICTION & VENUE

4.      Jurisdiction is appropriate under 28 U.S.C. § 1331 as Plaintiff's Complaint involves a claim under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 ("FELA") and this Court has subject matter jurisdiction over this claim pursuant to 45 U.S.C. § 56.

5.      The events giving rise to Plaintiff's cause of action occurred within this federal judicial district and venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

6.      Plaintiff's cause of action arose less than three years from the filing of this cause of action which is timely pursuant to 45 U.S.C. § 56 of the FELA.

## FACTUAL ALLEGATIONS

7.      Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 and 2 of his Complaint as if the same were set forth verbatim herein.

8.      At all times relevant, Plaintiff was employed by BNSF as a Trainman/Conductor and was working and engaged in interstate transportation and commerce at the time of the occurrence hereinafter set forth, and at such time was working in the furtherance of BNSF's interstate commerce activities and in work which directly, closely, and substantially affected the general interstate commerce carried on by BNSF as a railroad common carrier.

9.      On September 6, 2019, while working in the course and scope of his railroad employment with BNSF in Kenesaw, Nebraska, Plaintiff was required to release a handbrake on a GREX ballast railcar that was "in use" as part of a train consist, on BNSF's mainline track as part and parcel of the work process of preparing to move the train consist back to Hastings, Nebraska. Consistent with his training concerning releasing handbrakes, Plaintiff first attempted to manually

release the handbrake, but it stuck and did not move. When Plaintiff attempted to manually release the handbrake a second time, the handbrake unexpectedly abruptly released, causing Plaintiff to lose his balance and fall off the railcar resulting in the hereinafter described serious and disabling injuries to Plaintiff's right lower extremity.

**COUNT I**
**(FELA NEGLIGENCE)**

10.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 7 through 9 of his Complaint as if the same were set forth verbatim herein.

11.     At all times relevant BNSF had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment for work, reasonably safe conditions for work, reasonably safe methods and procedures for work, reasonably safe supervision for work, reasonably safe railcars for work, and a duty to exercise reasonable care in connection with all aspects of Plaintiff's working environment specifically including on and at the time of Plaintiff's September 6, 2019 injury incident.

12.     BNSF, by and through its agents, servants and/or employees, breached its aforementioned duties of care owed to Plaintiff and was thereby negligent in one or more of the following particulars:

(a)     BNSF failed to provide Plaintiff with a reasonably safe place to work;

(b)     BNSF failed to provide Plaintiff with reasonably safe conditions for work;

(c)     BNSF failed to provide Plaintiff with reasonably safe tools, equipment and appliances for work;

(d)     BNSF failed to provide Plaintiff with reasonably safe methods and procedures for work;

(e)     BNSF customarily failed to enforce its own safety rules, policies and procedures;

(f)     BNSF allowed and permitted unsafe work practices and procedures to become customary and accepted work practices;

(g)     BNSF failed to provide Plaintiff with reasonably safe supervision for work;

(h)     The railcar handbrake failed to operate as intended; and/or

(i)     BNSF allowed and permitted unsafe conditions to exist with regard to the subject railcar handbrake at the time of Plaintiff's injury.

13.     BNSF knew, or in the exercise of reasonable care should have known that its negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations could, would or might cause harm to Plaintiff.

14.     Plaintiff's injuries were caused, even in the slightest, as a result of one or more of BNSF's aforementioned negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations, in violation of BNSF's non-delegable duties under the FELA.

### COUNT II
### (FEDERAL SAFETY APPLIANCE ACT VIOLATION)

15.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 10 through 14 of his Complaint as if the same were set forth verbatim herein.

16.     At all times relevant BNSF was subject to the manufacture, design, construction, and maintenance requirements mandated by the Federal Safety Appliance Act, 49 U.S.C. § 20301 *et seq.* ("FSAA").

17.     As an employee of BNSF, a common carrier by rail, Plaintiff is among the class of persons the FSAA was intended to benefit and protect.

18.     BNSF had a statutory obligation under the FSAA to use on its lines only railcars with efficient handbrakes.

19.     BNSF breached its duty of care under the FSAA and was negligent in one or more of the following particulars:

(a)     BNSF failed to comply with 49 U.S.C. § 20302(a)(1)(B) at the time and place of Plaintiff's injury incident as the subject railcar handbrake was not efficient.

20.     BNSF knew, or in the exercise of reasonable care should have known that its negligent acts or omissions as mandated pursuant to the FSAA, as well as other acts of negligence and/or violations of statutory and safety regulations would or might cause harm to Plaintiff.

21.     Plaintiff's injuries were caused, even in the slightest, as a result of one or more of BNSF's aforementioned negligent acts or omissions under the FSAA, as well as other acts of negligence and/or violations of statutory and safety regulations, in violation of BNSF's non-delegable duties under the FELA.

22.     By failing to comply with the FSAA which caused, even in the slightest Plaintiff's injuries and consequent damages, BNSF forfeits any potential reduction from the total damages awarded by the jury in this case, notwithstanding any alleged fault or causal contribution attributable to the Plaintiff pursuant to 45 U.S.C. §§ 53, 54(a).

## DAMAGES

23.     As a result, even in the slightest, of one or more of BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained serious injuries to his right lower extremity including but not limited to a subtalar fracture dislocation of the right ankle with bruising, straining, spraining, tearing, and/or twisting to the soft tissues, ligaments, tendons, muscles, cartilages, bones, blood vessels, and nerves of the right lower extremity all of which have resulted in Plaintiff experiencing significant limitation of motion, loss of function, sensory changes, permanent impairment, neurological damage and dysfunction,

physical pain, emotional suffering and loss of enjoyment of life, and Plaintiff will continue to suffer from the aforesaid permanent, progressive, and disabling conditions in the future.

24.     As a result, even in the slightest, of one or more of BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff has sought and received extensive medical, hospital, surgical, rehabilitative and therapeutic care and treatment and will require additional care and treatment in the future, and Plaintiff has incurred expenses for his medical, hospital, surgical, rehabilitative and therapeutic care and treatment and will incur such additional expenses in the future for his medical care and needs.

25.     As a result, even in the slightest, of one or more of BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained the aforesaid serious and disabling injuries and resulting symptomatology and has sustained a past wage loss and an impairment of his earning capacity, both past and future, a loss of fringe benefits of employment, and a loss of pension and retirement benefits, both past and future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steven S. O'Dea prays for judgment of and from Defendant BNSF Railway Company for such general and special damages as he is entitled to recover under law in excess of seventy five thousand dollars ($75,000.00), together with post-judgment interest on the total judgment rendered herein, costs of suit, and such other and further relief, both general and specific, at law or in equity, which he may be justly entitled to receive, whether specifically prayed for or not.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Respectfully submitted,

CHOD LAW, LLC


/s/ *Jeffrey E. Chod*
Jeffrey E. Chod
* *Admitted in the District Court of Nebraska*
P.O. Box 17727
Denver, CO 80217-7727
Telephone: (314) 541-5862
Facsimile: (719) 470-2244
E-Mail: jchod@chodlawfirm.com

**ATTORNEY FOR PLAINTIFF**