IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN S. O'DEA,<br><br>   Plaintiff,<br><br> vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation;<br><br>   Defendant. | 4:22CV3165<br><br>**ORDER** |

  Plaintiff has filed a motion to amend his complaint. (Filing No. 36) Defendant has filed a motion to extend the discovery deadlines due to the expansion of legal claims and factual allegations in the amended complaint. (Filing No. 37).

  The accident at issue in this case occurred on September 19, 2019. Plaintiff filed his complaint nearly three years later, on August 12, 2022. In accordance with counsel's joint suggestions, (Filing No. 11, at CM/ECF p. 8), the court entered a scheduling order which set December 1, 2022 as the deadline for moving to amend pleadings. (Filing No. 13). Some deadlines within the scheduling order were continued at the request of counsel, (Filing No. 28), but the deadline for moving to amend pleadings was not extended because this parties did not ask for that relief. (Filing No. 27).

  Plaintiff did not retain Paul F. Byrnes to review this case until May 31, 2023. (Filing No. 36-2, at CM/ECF p. 2). This expert's written report was complete on July 6, 2023, (Filing No. 36-2, at CM/ECF p. 15), and his opinions were disclosed on July 17, 2023. (Filing No. 37, ¶ 4). Based on this expert's opinions, Plaintiff moved to amend his complaint out of time on July 20, 2023.

The motion states it is opposed, but Plaintiff did not file evidence or a brief in support of his motion. See NECivR 7.1(a).

In light of the new allegations in Plaintiff's proposed amended complaint, Defendant states it needs an additional 90 days to research the new allegations, find and inspect the railcar, depose Brynes, and identify and disclose its own responsive experts. (Filing No. 37).

Plaintiff's motion states leave to amend must be freely given under Rule 15 of the Federal Rules. But the court entered a scheduling order in this case. As such, the court Rule 16 governs whether Plaintiff should be allowed to amend his complaint out of time. Under Rule 16, Plaintiff is not permitted to file an amended complaint beyond the date set in the scheduling absent a showing of good cause. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 717 (8th Cir. 2008); Mehner v. Furniture Design Studios, Inc., No. 8:22CV168, 2023 WL 3727701, at *2 (D. Neb. May 30, 2023).

Plaintiff has 1) failed to comply with the court's local rules in filing his opposed motion to amend his complaint, and 2) failed to make any showing of good cause to allow an amendment of his complaint out of time. Considered either together or independently, Plaintiff's failure to comply with the federal and local rules mandates denial of his motion to amend.

Since the motion to amend will be denied, Defendant's motion for additional time to respond to the new allegations in Plaintiff's proposed amended complaint will be denied as moot.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to file an amended complaint, ([Filing No. 36](#)), is denied. Plaintiff's initial complaint remains the operative pleading.

2) Defendant's motion to extend the discovery deadlines, ([Filing No. 37](#)), is denied as moot.

Dated this 26th day of July, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge