IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN S. O'DEA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation;<br><br>　　　　　Defendant. | 4:22CV3165<br><br>**MEMORANDUM AND ORDER** |

Pending before the court is Defendant BNSF's motion to strike portions of the expert report by Paul Byrnes, Plaintiff's expert. (Filing No. 39). For the reasons that follow, the motion will be granted.

BACKGROUND

The accident at issue in this case occurred on September 19, 2019. Plaintiff filed his complaint nearly three years later, on August 12, 2022. In accordance with counsel's joint suggestions, (Filing No. 11, at CM/ECF p. 8), the court entered a scheduling order which set December 1, 2022 as the deadline for moving to amend pleadings. (Filing No. 13). Some deadlines within the scheduling order were continued at the request of counsel, (Filing No. 28), but the deadline for moving to amend pleadings was not extended because this parties did not ask for that relief. (Filing No. 27).

Plaintiff was deposed in March 2023 and testified that: 1) he was barely able to walk to the handbrake of the railcar because there was nothing to hang onto; 2) he was unable to prevent his injury because there was nothing to hold onto while releasing the handrail; and, 3) the handbrake release lever stuck, and when he

applied additional force, it broke loose causing Plaintiff to lose his balance and fall. (Filing No. 41 at CM/ECF pp. 1-2). Paul F. Byrnes was retained on May 31, 2023 to review this case and he used Plaintiff's testimony to form his expert opinion. (Filing No. 36-2, at CM/ECF p. 2). This expert's written report was complete on July 6, 2023, (Filing No. 36-2, at CM/ECF p. 15), and his opinions were disclosed on July 17, 2023. (Filing No. 37, ¶ 4). Based on this expert's opinions, Plaintiff moved to amend his complaint out of time on July 20, 2023. (Filing No. 36).

The motion asserted that Byrnes rendered opinions concerning:

1. the inefficiency of the subject handbrake on GREX 2095 not in compliance with 49 U.S.C. § 20302(a)(1)(B);

2. The configuration of GREX 2095 not meeting certain mandatory federal requirements for railcar handholds/grab irons;

3. Safety railing minimum clearances; and,

4. The way the handbrake was attached to the railcar under 49 C.F.R. §§ 231.1-231.28.

(Filing No. 36 at CM/ECF p. 2, ¶ 4). Plaintiff acknowledged that only the compliance with 49 U.S.C. § 20302(a)(1)(B) was raised in the operative complaint. (Item No. 1, above). The undersigned denied Plaintiff's motion to amend finding Plaintiff had not complied with the local rules and had not shown good cause to allow the amendment out of time. (Filing No. 38). Plaintiff did not object to this order.

## MOTION TO STRIKE

Defendant BNSF Railway Company ("BNSF") now moves to strike the portions of Plaintiff's expert's opinions which are not related to claims specifically alleged in the operative pleading. (Filing No. 39). BNSF is not moving to strike all of Byrnes' opinions in the report at this time, the motion addresses only those opinions raised in the motion to amend and Defendant's proposed amended

complaint. (Id. at CM/ECF p. 5 ¶ 9). BNSF indicates that if the expert report is allowed, as written, it will need to "develop new defenses, conduct additional discovery, undertake additional investigation, and retain new or additional experts." (Filing No. 42 at CM/ECF p. 1).

Plaintiff generally pled allegations that BNSF failed to provide a reasonably safe place to work, reasonably safe conditions for work, and reasonably safe tools, equipment, and appliances for work. (Filing No. 1). He argues these allegations are sufficient because Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff argues he is not required to allege a violation of a specific duty set forth in the Code of Federal Regulations, and only sought to do so out of an abundance of caution. (Filing No. 41 at CM/ECF p. 4). Rule 8(a)(2) also requires the complaint "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).

Plaintiff's interpretation of the pleading requirements is correct. However, the federal rules require specificity in responding to discovery, thereby providing notice, with specificity, of the alleged acts of negligence. Plaintiff's answers to written discovery thereby provide the framework for determining what specific issues will be litigated and, in turn, the relevant topics for expert testimony.

Upon review of the record, Defendant's First Set of Interrogatories, served in November of 2022, (Filing No. 17), asked Plaintiff to specifically identify the railroad's alleged violations of the FSAA and its duty to provide a safe place to work. Plaintiff's responses, served in January 2023, included no allegations

concerning handholds, grab irons, minimum clearance, or the brake's attachment to the railcar. See Interrogatory responses 8 and 10, reproduced below.[1]

> INTERROGATORY NO. 8: Identify and describe in detail facts and witnesses who support the contention in your Complaint that "BNSF breached its duty of care under the FSAA and was negligent in one or more of the following particulars: (a) BNSF failed to comply with 49 U.S.C. § 20302(a)(1)(B) at the time and place of Plaintiff's injury incident as the subject railcar handbrake was not efficient."
>
> ANSWER: Plaintiff will testify that when he first attempted to manually release the handbrake on the GREX 2095 ballast railcar it stuck and did not move but that when he attempted to manually release the handbrake a second time, the handbrake unexpectedly released, causing Plaintiff to lose his balance and fall off the railcar causing serious injuries to his right lower extremity. The handbrake failed to function in the normal, natural, and usual manner even though Plaintiff manually operated the handbrake with due care. This is a violation of 49 U.S.C. § 20302(a)(1)(B). Myers v. Reading Co., 331 U.S. 477, 483 (1947).
>
> INTERROGATORY NO. 10: With respect to your contention that Defendant negligently failed to provide you with a reasonably safe place to work, which caused in whole or in part your alleged injuries:
>     a.    Identify each negligent act and omission;
>     b.    The date of each negligent act or omission;
>     c.    What Defendant failed to do and what Defendant should have done differently;
>     d.    Identify all persons witnessing the act or omission; and
>     e.    Identify all documents supporting your contention of negligence.
>
> ANSWER: See Interrogatory Answer No. 8. The GREX 2095 was "bad ordered" on August 31, 2019 and released back to service on September 3, 2019. (See BNSF 00043)
>
> (Filing No. 44-1 at CM/ECF pp. 5-6).

---

[1] Pursuant to Rule 1 of the Federal Rules of Civil Procedure, the undersigned ordered Defendant to file a copy of Plaintiff's responses to Defendant's interrogatories, and Defendant complied. (Filing No. 43; Filing No. 44).

The alleged fall giving rise to the allegations in this case occurred on or about September 6, 2019. At all times during this lawsuit, Plaintiff knew the details regarding his alleged fall. Plaintiff did not put Defendant on notice, either in his complaint or his written discovery responses, that handholds, grab irons, the attachment of the handbrake, or minimum clearances were at issue. No such allegations were raised until Plaintiff was deposed on March 17, 2023. By then, written discovery—including the deadline for serving document production requests—had passed. This court thereafter denied Plaintiff's motion to amend the complaint to add allegations regarding the various previously unpled safety violations.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Where the defendant served early interrogatories under Rule 33 to define and clarify the parameters of the lawsuit at the outset, the notice pleading standards of Rule 8 do not grant an ongoing license to materially shift or expand the theories of negligence, particularly with no reasonable explanation of why the allegations were not specifically disclosed at the outset. And in this case, allowing opinions by Plaintiff's expert regarding handholds, grab irons, minimum clearance, or the brake's attachment to the railcar would not only render this court's order on the motion to amend meaningless, but will also cause undue prejudice to Defendant by materially and significantly changing the claim and legal issues, expanding the scope of the lawsuit, and requiring the court to reopen the discovery process.

To further the just, speedy, and inexpensive determination of this case,

IT IS ORDERED:

1) Defendant's Motion to Strike is granted as set forth herein. (Filing No. 39).

2) Per [Filing No. 40](#), case progression remains stayed while the parties pursue settlement. The conference call remains set to be held on October 10, 2023 at 10:00 a.m. That conference may be cancelled upon advance notice from the parties that the case is settled.

Dated this 22nd day of September, 2023.

                                        BY THE COURT:

                                        *s/ Cheryl R. Zwart*
                                        United States Magistrate Judge